IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No.: 7:23-cv-01625-M-RJ

BRIANA PAULL, INDIVIDUALLY;
BRIANA PAULL, as guardian of
A.P, A.P., R.K. Jr.,
and A.F., her minor children;
and BRIANA PAULL, as class representative
on behalf of the class defined herein,

        Plaintiffs,

vs.

THE TOWN OF HOLLY RIDGE; *et al.*

        Defendants

---

**ANSWER OF THE PENDERGRAPH DEFENDANTS
TO CLASS ACTION COMPLAINT
AND CROSS-CLAIMS AGAINST THE HOLLY RIDGE DEFENDANTS**

---

COMES NOW Defendants The Pendergraph Companies, LLC; Pendergraph Development, LLC; and Frankie Pendergraph (collectively referred to as the "Pendergraph Defendants"), by and through its counsel, and hereby respond to the specific allegations of the Complaint filed in this matter as follows:

## PARTIES

1.      The allegations in paragraph 1 of the Complaint contain legal conclusions to which no response is required. To the extent that the allegations in paragraph 1 of the Complaint are directed at the Pendergraph Defendants and a response is required,

the Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore, the allegations are denied.

2.      As to the allegations set forth in paragraph 2 of the Complaint, it is admitted that the Town of Holly Ridge is a North Carolina political subdivision located in Onslow County, North Carolina.  Except as admitted, the allegations in paragraph 2 of the Complaint contain legal conclusions to which no response is required.  To the extent that the remaining allegations in paragraph 2 of the Complaint are directed at the Pendergraph Defendants and a response is required, the Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore, the allegations are denied.

3.      The allegations in paragraph 3 of the Complaint contain legal conclusions to which no response is required.  To the extent that the allegations in paragraph 3 of the Complaint are directed at the Pendergraph Defendants and a response is required, the Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore, the allegations are denied.

4.      The allegations in paragraph 4 of the Complaint contain legal conclusions to which no response is required.  To the extent that the allegations in paragraph 4 of the Complaint are directed at the Pendergraph Defendants and a response is required, the Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore, the allegations are denied.

5.      The allegations in paragraph 5 of the Complaint contain legal conclusions to which no response is required.  To the extent that the allegations in paragraph 5 of the Complaint are directed at the Pendergraph Defendants and a response is required,

the Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore, the allegations are denied.

6.     Admitted.

7.     The allegations in paragraph 7 of the Complaint contain legal conclusions to which no response is required.  To the extent that the allegations in paragraph 7 of the Complaint are directed at the Pendergraph Defendants and a response is required, the Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore, the allegations are denied.

## JURISDICTION AND VENUE

8.     The allegations in paragraph 8 of the Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, the Pendergraph Defendants deny the allegations contained in paragraph 8 of the Complaint, and specifically deny that this action can or should be maintained as a class action.

9.     The allegations in paragraph 9 of the Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, the Pendergraph Defendants deny the allegations contained in paragraph 9 of the Complaint.

10.    The allegations in paragraph 10 of the Complaint contain legal conclusions to which no response is required.  To the extent that the allegations in paragraph 10 of the Complaint are directed at the Pendergraph Defendants and a response is required, the Pendergraph Defendants admit that they are subject to personal jurisdiction in this judicial district.  Except as expressly admitted herein,

3

the Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, the allegations are denied.

11. The allegations in paragraph 11 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is required, the Pendergraph Defendants deny the allegations contained in paragraph 11 of the Complaint.

## FACTS UNDERLYING PLAINTIFFS' CLAIMS

12. Admitted, upon information and belief.

13. Admitted, upon information and belief.

14. The Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore, the allegations are denied.

15. As to the allegations set forth in paragraph 15 of the Complaint, it is admitted that Holly Ridge Housing Authority entered into a Management Agreement with Pendergraph Management, LLC on May 1, 2019, which document speaks for itself. Except as admitted, the allegations contained in paragraph 15 of the Complaint are denied.

16. The Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and therefore, the allegations are denied.

17. Denied.

18. Admitted, upon information and belief.

19.     Admitted, upon information and belief.

20.     As to the allegations set forth in paragraph 20 of the Complaint, it is admitted that the regulations promulgated by HUD under 24 CFR § 5.703, speak for themselves.   Except as expressly admitted, the remaining allegations in paragraph 20 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is required, the Pendergraph Defendants deny the remaining allegations in paragraph 20 of the Complaint.

21.     Denied.

22.     The Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and therefore, such allegations are denied.

23.     The allegations in paragraph 23 of the Complaint contain legal conclusions to which no response is required.   To the extent that a response is required, the Pendergraph Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.     To the extent that the allegations contained in paragraph 24 of the Complaint are directed to the Pendergraph Defendants, such allegations are denied.

25.     The Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and therefore, such allegations are denied.

26.     To the extent that the allegations contained in paragraph 26 of the Complaint are directed to the Pendergraph Defendants, such allegations are denied.

27.     Admitted.

28.     Denied.

29.     As to the allegations set forth in paragraph 29 of the Complaint, it is admitted that the Plaintiff Briana Paull contacted Pendergraph Management, LLC in the fall of 2022, with a complaint regarding water intrusion and that Pendergraph Management, LLC remediated the issue.  Except as expressly admitted, denied.

30.     As to the allegations set forth in paragraph 30 of the Complaint, it is admitted that the Plaintiff Briana Paull contacted Pendergraph Management, LLC in the fall of 2022, with a complaint regarding water intrusion and that Pendergraph Management, LLC remediated the issue.  Except as expressly admitted, denied.

31.     As to the allegations set forth in paragraph 31 of the Complaint, it is admitted that the Plaintiff Briana Paull contacted Pendergraph Management, LLC in the fall of 2022, with a complaint regarding water intrusion and that Pendergraph Management, LLC remediated the issue.  Except as expressly admitted, denied.

32.     Denied.

33.     As to the allegations set forth in paragraph 33 of the Complaint, it is admitted that Pendergraph Management, LLC had testing performed for mold in Plaintiffs unit in the fall of 2022.  Except as expressly admitted, denied.

34.     Denied.

35.     Admitted.

36.     As to the allegations set forth in paragraph 36 of the Complaint, it is admitted that the Plaintiff Briana Paull contacted Pendergraph Management, LLC in the fall of 2022, with a complaint and that Pendergraph Management, LLC remediated the issue.  Except as expressly admitted, denied.

37.     Denied.

38.     As to the allegations set forth in paragraph 38 of the Complaint, it is admitted that Pendergraph Management, LLC remediated a water leak issue from a washing machine in another unit in Building G in early 2023.  Except as expressly admitted herein, denied.

39.     As to the allegations set forth in paragraph 39 of the Complaint, it is admitted that Pendergraph Management, LLC hired Service Master to assist with remediation efforts in Building G.  Except as expressly admitted herein, denied.

40.     As to the allegations set forth in paragraph 40 of the Complaint, it is admitted that Pendergraph Management, LLC hired Service Master to assist with remediation efforts.  Except as admitted, The Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, and therefore, such allegations are denied.

41.     As to the allegations set forth in paragraph 41 of the Complaint, it is admitted that Pendergraph Management, LLC remediated certain issues raised by Plaintiff Briana Paull.  Except as expressly admitted herein, denied.

42.     As to the allegations set forth in paragraph 42 of the Complaint, it is admitted that Plaintiff Briana Paull requested the Material Safety Data Sheet ("MSDS") from a third-party vendor that Pendergraph Management, LLC had hired to

remediate certain issues raised by Plaintiff Briana Paull, and the third-party vendor did not have the MSDS with him at that time. Except as expressly admitted herein, denied.

43.     As to the allegations set forth in paragraph 43 of the Complaint, it is admitted that Plaintiff Briana Paull requested the Material Safety Data Sheet ("MSDS") from a third-party vendor that Pendergraph Management, LLC had hired to remediate certain issues raised by Plaintiff Briana Paull, and the third-party vendor did not have the MSDS with him at that time. Except as expressly admitted herein, denied.

44.     Denied.

45.     As to the allegations set forth in paragraph 45 of the Complaint, it is admitted that the Plaintiff Briana Paull contacted Pendergraph Management, LLC in November 2022, with a complaint and that Pendergraph Management, LLC remediated the issue. Except as expressly admitted, denied.

46.     As to the allegations set forth in paragraph 46 of the Complaint, it is admitted that Pendergraph Management, LLC hired Stanley Steamer to assist with remediation efforts. Except as expressly admitted herein, denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     As to the allegations set forth in paragraph 50 of the Complaint, it is admitted that Pendergraph Management, LLC hired Stanley Steamer to assist with remediation efforts. Except as expressly admitted herein, denied.

51.     As to the allegations set forth in paragraph 51 of the Complaint, it is admitted that Pendergraph Management, LLC remediated the issues raised by Plaintiff Briana Paull.  Except as expressly admitted, denied.

52.     The Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, and therefore, such allegations are denied.

53.     The Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint, and therefore, such allegations are denied.

54.     The Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint, and therefore, such allegations are denied.

55.     The Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint, and therefore, such allegations are denied.

56.     The Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint, and therefore, such allegations are denied.

57.     The Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, and therefore, such allegations are denied.

58.     Admitted.

59.    The Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, and therefore, such allegations are denied.

60.    The Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, and therefore, such allegations are denied.

61.    The Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, and therefore, such allegations are denied.

62.    The Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, and therefore, such allegations are denied.

63.    The Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, and therefore, such allegations are denied.

64.    As to the allegations in paragraph 64 of the Complaint, it is admitted that Pendergraph Management, LLC notified the Town of Holly Ridge that it was terminating the Management Agreement between and Pendergraph Management, LLC and The Town of Holly Ridge (successor to Holly Ridge Housing Authority) dated May 1, 2019, as extended, upon 60 days advanced written notice.  Except as admitted, the allegations in paragraph 64 of the Complaint are denied.

**COUNT I –**
**Breach of Contract**
(Against Holly Ridge and Pendergraph)

65.     As to the allegations set forth in paragraph 65 of the Complaint, the Pendergraph Defendants repeat and incorporate by reference their responses to the allegations contained in the prior paragraphs of the Complaint with the same force and effect as if fully set forth herein.

66.     The allegations in paragraph 66 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is required, the Pendergraph Defendants admit that they complied with any applicable HUD regulations and standards at Holly Plaza. Except as admitted herein, the Pendergraph Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     To the extent that the allegations contained in paragraph 67 of the Complaint are directed to the Pendergraph Defendants, such allegations are denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     The allegations in paragraph 72 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is required, denied.

73.     Denied.

## COUNT II –
### RRAA; Breach Of Warranty Of Habitability
(Against Holly Ridge and Pendergraph)

74. As to the allegations set forth in paragraph 74 of the Complaint, the Pendergraph Defendants repeat and incorporate by reference their responses to the allegations contained in the prior paragraphs of the Complaint with the same force and effect as if fully set forth herein.

75. The allegations in paragraph 75 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is required, the Pendergraph Defendants admit that they complied with any applicable duties under North Carolina Residential Rental Agreements Act ("RRAA"), N.C. Gen. Stat. § 42-38 *et seq.*. Except as admitted herein, the Pendergraph Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. The allegations in paragraph 76 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is required, the Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint, and therefore, such allegations are denied.

77. The allegations in paragraph 77 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is required, the Pendergraph Defendants admit that they complied with any applicable duties under the RRAA. Except as admitted herein, the Pendergraph Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.     The     allegations     in     paragraph     78     of     the Complaint     contain legal conclusions to which no response is required.   To the extent that a response is required, the Pendergraph Defendants admit that they complied with any applicable duties under the RRAA.  Except as admitted herein, the Pendergraph Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.     The     allegations     in     paragraph     79     of     the Complaint     contain legal conclusions to which no response is required.   To the extent that a response is required, the Pendergraph Defendants admit that they complied with any applicable duties under the RRAA.  Except as admitted herein, the Pendergraph Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.     The     allegations     in     paragraph     80     of     the Complaint     contain legal conclusions to which no response is required.   To the extent that a response is required, the Pendergraph Defendants admit that they complied with any applicable duties under the N.C. Gen. Stat. § 42-42(a)(1).   Except as admitted herein, the Pendergraph Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.     The     allegations     in     paragraph     81     of     the Complaint     contain legal conclusions to which no response is required.   To the extent that a response is required, the Pendergraph Defendants admit that they complied with any applicable duties under the N.C. Gen. Stat. § 42-42(a)(2).   Except as admitted herein, the Pendergraph Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.     The   allegations   in   paragraph   82   of   the Complaint   contain legal conclusions to which no response is required.   To the extent that a response is required,  the Pendergraph  Defendants  admit  that they  complied  with  any  applicable duties  under  the  N.C.  Gen.  Stat.  §  42-42(a)(8).     Except  as  admitted  herein, the Pendergraph  Defendants  deny  the  allegations  contained  in  paragraph  82  of the Complaint.

83.     The   allegations   in   paragraph   83   of   the Complaint   contain legal conclusions to which no response is required.   To the extent that a response is required,  the Pendergraph  Defendants  admit  that they  complied  with  any  applicable duties  under  the  RRAA.   Except  as  admitted  herein,  the Pendergraph  Defendants  deny the allegations contained in paragraph 83 of the Complaint.

84.     The   allegations   in   paragraph   84   of   the Complaint   contain legal conclusions to which no response is required.   To the extent that a response is required,  the Pendergraph  Defendants  admit  that they  complied  with  any  applicable duties  under  the  N.C.  Gen.  Stat.  §  42-42(b).     Except  as  admitted  herein, the Pendergraph Defendants  deny  the  allegations  contained  in  paragraph  84  of the Complaint.

85.     The allegations in paragraph 85 of the Complaint, including each subpart, contain legal conclusions to which no response is required.   To the extent that a response is required,  the Pendergraph  Defendants  admit  that they  complied  with  any  applicable duties  under  the  N.C.  Gen.  Stat.  §  42-42.   Except  as  admitted  herein,  the Pendergraph Defendants  deny  the  allegations  contained  in  paragraph  85,  including  each  subpart, of the Complaint.

86.     The allegations in paragraph 86 of the Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, the Pendergraph Defendants admit that they complied with any applicable duties under the RRAA and North Carolina common law.  Except as admitted herein, the Pendergraph Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

## COUNT III
### Violations of UDTPA
(against all Defendants)

93.     As to the allegations set forth in paragraph 93 of the Complaint, the Pendergraph Defendants repeat and incorporate by reference their responses to the allegations contained in the prior paragraphs of the Complaint with the same force and effect as if fully set forth herein.

94.     The allegations in paragraph 94 of the Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, the allegations contained in paragraph 94 of the Complaint are denied.

95.     The   allegations   in   paragraph   95   of   the Complaint   contain legal conclusions  to  which  no  response  is  required.   To  the  extent  that  a response  is required, the allegations contained in paragraph 95 of the Complaint are denied.

96.     The   allegations   in   paragraph   96   of   the Complaint   contain legal conclusions  to  which  no  response  is  required.   To  the  extent  that  a response  is required, the allegations contained in paragraph 96 of the Complaint are denied.

97.     The   allegations   in   paragraph   97   of   the Complaint   contain legal conclusions  to  which  no  response  is  required.   To  the  extent  that  a response  is required, the allegations contained in paragraph 97 of the Complaint are denied.

98.     Denied.

99.     Denied, including each subpart.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

**COUNT IV**
**Breach of Contract/Breach of Implied Covenant of Good Faith and Fair Dealing**
(Against Town of Holly Ridge)

107.    As  to  the  allegations  set  forth  in  paragraph  107  of  the  Complaint, the Pendergraph  Defendants   repeat  and  incorporate  by  reference  their  responses  to

16

the allegations contained in the prior paragraphs of the Complaint with the same force and effect as if fully set forth herein.

108.     To the extent that paragraph 108 of the Complaint is directed at the Pendergraph Defendants, denied.

109.     The allegations in paragraph 109 of the Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, the Pendergraph Defendants admit that they complied with any duties owed to Plaintiffs.  Except as admitted herein, the Pendergraph Defendants deny the allegations contained in paragraph 109 of the Complaint.

110.     Denied.

111.     The allegations in paragraph 111 of the Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, the Pendergraph Defendants admit that they complied with any implied covenant to act fairly and in good faith owed to Plaintiffs.  Except as admitted herein, the Pendergraph Defendants deny the allegations contained in paragraph 111 of the Complaint.

112.     The allegations in paragraph 112 of the Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, the Pendergraph Defendants admit that they complied with any obligations owed by the Pendergraph Defendants.    Except as admitted herein, the Pendergraph Defendants deny the allegations contained in paragraph 112 of the Complaint.

113.     The allegations in paragraph 113 of the Complaint, including each subpart, contain legal conclusions to which no response is required.  To the extent that a response is required, the Pendergraph Defendants admit that they complied with any obligations owed    by    the    Pendergraph    Defendants.    Except    as    admitted    herein, the Pendergraph Defendants  deny    the    allegations    contained    in    paragraph    113 of the Complaint, including each subpart.

114.     Denied.

115.     Denied.

116.     Denied.

## COUNT V
## Negligence
### (Against all Defendants)

117.     As to  the  allegations  set  forth  in  paragraph  117  of  the  Complaint, the Pendergraph Defendants  repeat  and  incorporate  by  reference  their  responses  to the allegations  contained  in  the  prior  paragraphs  of  the  Complaint  with  the  same  force and effect as if fully set forth herein.

118.     The allegations in paragraph 118 of the Complaint, including each subpart, contain legal conclusions to which no response is required.  To the extent that a response is  required,  the  Pendergraph  Defendants  admit  that  they  complied  with  any  duties owed by  the  Pendergraph  Defendants  to  the  Plaintiffs.   Except  as  admitted  herein, the Pendergraph Defendants  deny    the    allegations    contained    in    paragraph    118 of the Complaint, including each subpart.

119.     Denied.

120.     Denied.

121.   Denied.

122.   Denied.

123.   Denied.

## COUNT VI
## Temporary Recurrent Private Nuisance
### (Against all Defendants)

124.   As to the allegations set forth in paragraph 124 of the Complaint, the Pendergraph Defendants repeat and incorporate by reference their responses to the allegations contained in the prior paragraphs of the Complaint with the same force and effect as if fully set forth herein.

125.   The allegations in paragraph 125 of the Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, the Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the Complaint, and therefore, such allegations are denied.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   Denied.

## COUNT VII
## Punitive Damages
### (Against Town of Holly Ridge and Pendergraph)

131.   As to the allegations set forth in paragraph 131 of the Complaint, the Pendergraph Defendants repeat and incorporate by reference their responses to

19

the allegations contained in the prior paragraphs of the Complaint with the same force and effect as if fully set forth herein.

132. Denied.

133. Paragraph 133 of the Complaint does not contain any legal or factual allegations to which a response is required. To the extent that a response is required, the Pendergraph Defendants admit that the Complaint speaks for itself. Except as admitted herein, denied.

134. The allegations in paragraph 134 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is required, the Pendergraph Defendants admit that N.C. Gen. Stat. § 1D-15 speaks for itself. Except as admitted herein, denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied, including each subpart.

## CLASS ACTION ALLEGATIONS

139. To the extent that Paragraph 139 alleges legal conclusions or a description of this action, no response is required. To the extent that a response is required, the Pendergraph Defendants deny the allegations contained in paragraph 139 of the Complaint, and further deny that this action can or should be maintained as a class action.

140. The allegations in paragraph 140 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is

required, the Pendergraph Defendants admit that Fed. R. Civ. Pr. 23(b)(3) speaks for itself.  Except as admitted herein, denied.  The Pendergraph Defendants specifically deny that this action can or should be maintained as a class action.

141.    To the extent that Paragraph 141 alleges legal conclusions or a description of this action, no response is required.  To the extent that a response is required, the Pendergraph Defendants deny the allegations contained in paragraph 141 of the Complaint, and further deny that this action can or should be maintained as a class action.

142.    To the extent that Paragraph 142 alleges legal conclusions or a description of this action, no response is required.  To the extent that a response is required, the Pendergraph Defendants deny the allegations contained in paragraph 142 of the Complaint, and further deny that this action can or should be maintained as a class action.

143.    Denied.

144.    Denied.

145.    Denied, including each subpart.

146.    Denied, including each subpart.

147.    Denied.

148.    Denied.

149.    The allegations in paragraph 149 of the Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, the Pendergraph Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149

of the Complaint, and therefore, such allegations are denied. It is specifically denied that this action can or should be maintained as a class action.

150. Denied.

151. To the extent that Paragraph 151 alleges legal conclusions or a description of this action, no response is required. To the extent that a response is required, the Pendergraph Defendants deny the allegations contained in paragraph 151 of the Complaint, and further deny that this action can or should be maintained as a class action.

152. Denied.

153. Denied.

## GENERAL DENIAL

Unless specifically admitted herein, the Pendergraph Defendants deny the truth of each and every allegation set forth in the Complaint, including the allegations and statements contained in the prayer for relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The entity involved in the management of the Holly Plaza Apartments as alleged in the Complaint in this action was Pendergraph Management, LLC, and Defendants The Pendergraph Companies, LLC; Pendergraph Development, LLC; and Frankie W. Pendergraph as the Managing Member of Defendants The Pendergraph Companies, LLC and Pendergraph Development, LLC were not involved in the management of the property. As a result, the Complaint asserts claims against the wrong entity and

the claims against The Pendergraph Companies, LLC; Pendergraph Development, LLC; and Frankie W. Pendergraph should be dismissed.

### Second Affirmative Defense

The Complaint fails to state a claim upon which relief against the Pendergraph Defendants may be granted.

### Third Affirmative Defense

The Plaintiffs' action is not maintainable as a class action because the Plaintiffs fail to satisfy the applicable requirements of federal law.

### Fourth Affirmative Defense

The Plaintiffs' claims and/or the claims of the putative class members are barred, in whole or in part, by the applicable statute of limitations and/or statute of repose of the State of North Carolina.

### Fifth Affirmative Defense

The Plaintiffs and some or all of the members of the putative class lack standing to assert the claims in the Complaint.

### Sixth Affirmative Defense

The Plaintiff's claims and/or the claims of putative class members, are barred, in whole or in part, by the doctrines of estoppel, unclean hands, waiver, consent, and other equitable limitations.

### Seventh Affirmative Defense

The Plaintiff's claims and/or the claims of putative class members, are barred or limited because the damages or injuries to the Plaintiffs and/or putative class members, to the extent any exist, were caused in whole or in part by the acts or omissions of

third parties over which the Pendergraph Defendants had and have no control, and/or by the acts or omissions of the Plaintiffs or the putative class members.

## Eighth Affirmative Defense

The Plaintiff's claims and/or the claims of putative class members, are limited to the extent that the Plaintiffs and/or some or all of the members of the putative class failed to mitigate their alleged damages.

## Ninth Affirmative Defense

The Plaintiff's recovery and the recovery for the putative class are barred in whole or in part to the extent that they seek damages that would constitute a duplicative recovery.

## Tenth Affirmative Defense

The Plaintiffs' claims and/or the claims of the putative class members are barred or limited by the doctrine of accord and satisfaction.

## Eleventh Affirmative Defense

In the event that the putative class is certified, the Pendergraph Defendants reserve all rights to assert any and all other and further defenses against any member of the class that may be certified.

## Twelfth Affirmative Defense

The Pendergraph Defendants neither owed nor breached any legal duty to the Plaintiffs and/or the putative class members. Specifically, the Plaintiffs and/or the putative class members cannot prove a prima facie case because the Pendergraph Defendants breached no duty whatsoever to the Plaintiffs and/or any putative class member whether arising by statute, by common law, or otherwise,

including, but not limited to, any duty to warn of any dangers; and no act or omission by the Pendergraph Defendants proximately caused or proximately contributed to the Plaintiffs' or any putative class members' alleged injuries or damages.

### Thirteenth Affirmative Defense

The Pendergraph Defendants conformed to the scientific knowledge and data available to the industry and fulfilled its obligations, if any, and its activities and undertakings, if any, were conducted in a reasonable fashion, without recklessness, malice or wantonness, and the Plaintiffs and/or putative class members may not recover herein any exemplary or punitive damages against the Pendergraph Defendants.

### Fourteenth Affirmative Defense

At all times during the conduct of their corporate operations, the agents, servants and/or employees of the Pendergraph Defendants complied with all applicable law, governmental and industry rules, regulations, standards, and specifications, as well as the available knowledge and technology of the medical, scientific and industrial communities.

### Fifteenth Affirmative Defense

The claims against the Pendergraph Defendants are barred, in whole or in part, because, if it is judicially determined that the injuries and damages alleged in the Complaint were caused by any conduct of the Pendergraph Defendants, which is denied, those alleged injuries and damages were caused by the Plaintiffs' and/or the putative class members' idiosyncratic reaction or peculiar susceptibility as set forth in N.C. Pattern Jury Instruction 102.20, and therefore, any alleged harmful consequences resulting from the Pendergraph Defendant's alleged negligence would not be reasonably

foreseeable, and would not be a proximate cause of the Plaintiffs' and/or the putative class members' alleged injuries.

**Sixteenth Affirmative Defense**

The claims against the Pendergraph Defendants are barred, in whole or in part, to the extent the federal government has preempted the field of law applicable to the property where the Plaintiffs and/or the putative class members are alleged to have sustained injuries and damages. Specifically, the property at issue was regularly inspected by federal or other governmental officials and found to comply with any and all federal regulations pertaining to the property.

**Seventeenth Affirmative Defense**

As to all the causes of action pleaded in the Complaint which may be based upon express or implied warranties and/or representations, such causes of action are legally insufficient, as against the Pendergraph Defendants, by reason of the failure of privity of contract between the Plaintiffs and/or the putative class members and the Pendergraph Defendants, which is specifically denied.

**Eighteenth Affirmative Defense**

The warranty-based claims against the Pendergraph Defendants are barred or limited by applicable conditions, disclaimers, and/or lack of privity.

**Nineteenth Affirmative Defense**

The Plaintiffs' claims and/or the claims of the putative class members for exemplary or punitive damages against the Pendergraph Defendants violate the Pendergraph Defendants' rights under Article 1, §§ 1, 10, and 19 and the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, the Constitution

of the State of North Carolina, and any other state's law that might apply, in that such damages deprive the Pendergraph Defendants of procedural and substantive Due Process; subject the Pendergraph Defendants to Double Jeopardy; deprive the Pendergraph Defendants of Equal Protection; give the jury unfettered discretion to award punitive damages on vague grounds with no objective standards, without the presumption of innocence, and improperly allows for joint and several liability resulting in different penalties for the same or similar acts.

## Twentieth Affirmative Defense

The Plaintiffs and/or putative class members are not entitled to any award of punitive damages against the Pendergraph Defendants due to the lack of existence of clear and convincing evidence of any aggravating factor and because the Plaintiffs and/or putative class members have failed to properly plead any aggravating factor with particularity that purportedly supports a claim and demand for punitive damages, in violation of N.C.G.S. § 1D-15, Rule 9(k) of the North Carolina Rules of Civil Procedure, or other similar applicable legal authority.

## Twenty-First Affirmative Defense

Any award for punitive damages in this action based on anything other than the Pendergraph Defendants' conduct in connection with the management of the property that is subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and North Carolina Constitution, and would be improper under the common law and public policies of the State of North Carolina because any other judgment for punitive damages in this case

cannot protect the Pendergraph Defendants against impermissible multiple punishment for the same wrong.

<strong><u>Twenty-Second Affirmative Defense</u></strong>

The Pendergraph Defendants are not proper party defendants in this action.

<strong><u>Twenty-Third Affirmative Defense</u></strong>

The events, injuries, and damages alleged in the Complaint were caused, in whole or in part, by the conduct of the Plaintiffs and/or putative class members, including, but not limited to, the conduct of the Plaintiffs and/or putative class members relates the care and maintenance of the property at issue in this lawsuit by the Plaintiffs and/or putative class members. Accordingly, any damages which may have been sustained by the Plaintiffs and/or putative class members were caused or contributed to by reason of the culpable conduct of the Plaintiffs and/or putative class members. The Pendergraph Defendants plead the doctrine of contributory negligence as a complete bar to the claims asserted by the Plaintiffs and/or putative class members against the Pendergraph Defendants in this action.

<strong><u>Twenty-Fourth Affirmative Defense</u></strong>

The Plaintiffs and/or putative class members contributed to their alleged illness by the use, either in whole or in part, of other substances, products, medications and/or drugs.

<strong><u>Twenty-Fifth Affirmative Defense</u></strong>

The Plaintiffs' claims and/or the claims of the putative class members against the Pendergraph Defendants are barred, in whole or in part, by the Plaintiffs' and/or

the putative class members' failure to take reasonable action to mitigate the injuries and/or damages alleged in the Complaint.

### Twenty-Sixth Affirmative Defense

If it is judicially determined that Plaintiffs' and/or putative class members' alleged injuries or damages were caused by any alleged conduct on the part of the Pendergraph Defendants, such injuries or damages resulted from superseding intervening and/or interceding acts or omissions on the part of third-parties over whom the Pendergraph Defendants had neither control nor right of control. As a result, any alleged act or omission on the part of the Pendergraph Defendants was not the proximate and/or competent producing cause of such alleged injuries and damages.

### Twenty-Seventh Affirmative Defense

To the extent that the Plaintiffs and/or any putative class members have released, settled, entered into an accord or satisfaction, or otherwise compromised the claims against the Pendergraph Defendants in this action, such claims are barred or reduced by payment, accord, satisfaction, arbitration and award, release, and *res judicata*.

### Twenty-Eighth Affirmative Defense

The Pendergraph Defendants asserts its right to any set-off allowed under law.

### Twenty-Ninth Affirmative Defense

All defenses which have been or will be asserted by other defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to the Complaint to the extent same are applicable and consistent with positions taken by the Pendergraph Defendants in this answer and are not adverse to the Pendergraph Defendants.

### Thirtieth Affirmative Defense

The Pendergraph Defendants will rely upon any and all other further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend its answer for the purposes of asserting any such additional affirmative defenses as well as the right to add counterclaims, cross-claims, or to institute third-party actions which discovery hereafter may reveal to be appropriate.

### Thirty-First Affirmative Defense

The Pendergraph Defendants requests recovery of attorney's fees pursuant to N.C.G.S. § 75-16.1 for the costs of defending Count III – Violations of UDTPA on the grounds that said claim is frivolous, without legal or factual basis, and intended to harass the Pendergraph Defendants.

### RESERVATION OF AFFIRMATIVE DEFENSES

The Pendergraph Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or that may become available in the future, based on discovery or other factual investigation of this case.

### CROSSCLAIM

**COMES NOW** the Pendergraph Defendants and assert the following Crossclaim against Defendants The Town of Holly Ridge and Holly Ridge Housing Authority (collectively, the "Holly Ridge Defendants") pursuant to Rule 13(g) of the Federal Rules of Civil Procedure:

1.     The Pendergraph Defendants reallege and incorporate herein by reference their responses to the Complaint and Affirmative Defenses as set forth in the foregoing Answer.

2.     The Holly Ridge Housing Authority (and The Town of Holly Ridge as its successor in interest) entered into the Management Agreement with Pendergraph Management, LLC in relation to the Holly Plaza Apartments.

3.     Under the Management Agreement, the Holly Ridge Defendants "shall indemnify, protect, defend and hold harmless Manager from and against any and all claims, demands, losses, and liability (including reasonable attorney fees) (collectively, the 'Claims') incurred by Manager resulting from the performance of its obligations under this Agreement, except that this indemnification shall not apply with respect to any Claims resulting from (a) any act by Manager, its agents, employees or contractors outside the scope of Manager's authority hereunder, (b) any act or failure to act of Manager, its agents, employees or contractors constituting willful misconduct or fraud, (c) any act by Manager, its employees, agents or contractors in violation of any applicable law; (d) any breach of this Agreement by Manager; or (e) the gross negligence or willful misconduct of Manager, its agents, employees or contractors."

4.     To the extent that Plaintiffs and/or proposed class members are entitled to any relief from the Pendergraph Defendants, which is expressly denied, then the liability of the Pendergraph Defendants arises solely out of the Holly Ridge Defendants' failure to perform their obligations or duties pursuant to the applicable standards of care and pursuant to their contractual relationship with the Pendergraph Defendants.

5.     If the Pendergraph Defendants are adjudged liable to the Plaintiffs and/or the proposed class members in any amount, which is expressly denied, then the Pendergraph Defendants is entitled to contractual and common law indemnity from the Holly Ridge Defendants for all such amounts.

6.     The Pendergraph Defendants are also entitled to recover the reasonable costs of defending this action from the Holly Ridge Defendants.

7.     In the alternative to the claims for indemnity, the Pendergraph Defendants are entitled to contribution from the Holly Ridge Defendants for any amounts for which they might be adjudged liable to the Plaintiffs and/or the proposed class members pursuant to N.C.G.S. §1B. *et seq.*

**WHEREFORE,** the Pendergraph Defendants having responded to the Complaint, prays the Court as follows:

1.     That the Plaintiffs and any putative class member have and recover nothing from them in this action;

2.     That the Complaint be dismissed, with prejudice;

3.     For the costs of this action to be taxed against the Plaintiffs;

4.     That the Plaintiffs be required to pay reasonable attorney fees for pursuing frivolous claims against the Pendergraph Defendants for punitive damages;

5.     That in the event that the Plaintiffs and/or any purported class member have any recovery from the Pendergraph Defendants, that the Pendergraph Defendants have and recover indemnification (equitable or contractual) or, in the alternative, contribution over and against the co-defendants for the amount of any such recovery or a portion thereof, in accordance with the principles of law regarding apportionment of

fault and damages, along with costs and disbursements, including reasonable attorney fees;

      6.     For such other and further relief as to the Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

The Pendergraph Defendants hereby demands a jury trial on all issues raised or potentially raised by the pleadings as such or as may be amended.

Respectfully submitted, this the 18th day of January, 2024.

/s/ David L. Brown
David L. Brown (N.C. State Bar No. 18942)
David G. Harris II (N.C. State Bar No. 35327)
GOLDBERG SEGALLA LLP
701 Green Valley Road, Suite 310
Greensboro, NC 27408
Telephone: 336.419.4900
Email: dbrown@goldbergsegalla.com
       dharris@goldbergsegalla.com

-and-

Christopher T. Graebe (N.C. State Bar. No. 17416)
MORNINGSTAR LAW GROUP
421 Fayetteville Street, Ste. 530
Raleigh, NC 27601
Telephone: (919) 590-9092
Email: cgraebe@morningstarlawgroup.com

Harrison M. Gates (N.C .State Bar No. 43793)
MORNINGSTAR LAW GROUP
700 W. Main Street
Durham, NC 27701
Telephone: (919) 590-0392
Email: hgates@morningstarlawgoup.com

*Attorneys for the Pendergraph Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing was filed electronically with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's CM/ECF system to counsel of record.

This the 18th day of January, 2024.

/s/ David L. Brown
David L. Brown (N.C. State Bar No. 18942)
David G. Harris II (N.C. State Bar No. 35327)
GOLDBERG SEGALLA LLP
701 Green Valley Road, Suite 310
Greensboro, NC 27408
Telephone: 336.419.4900
Email: dbrown@goldbergsegalla.com
dharris@goldbergsegalla.com

*Attorneys for the Pendergraph Defendants*