IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
FILE NO. 7:23-CV-1625-M-RJ

| | |
|---|---|
| BRIANA PAULL, individually; <br> BRIANA PAULL, as guardian of <br> A.P., A.P., R.K. Jr., <br> And A.F., her minor children; <br> And BRIANA PAULL, as class <br> representative on behalf of the class <br> defined herein, <br><br> Plaintiffs, <br><br> v. <br><br> THE TOWN OF HOLLY RIDGE; <br> HOLLY RIDGE HOUSING <br> AUTHORITY; THE PENDERGRAPH <br> COMPANIES, LLC; PENDERGRAPH <br> DEVELOPMENT, LLC; PENDERGRAPH <br> MANAGEMENT, LLC; FRANKIE W. <br> PENDERGRAPH; and <br> JOHN DOE CONTRACTORS 1 through <br> 10, <br><br> Defendants. | **TOWN OF HOLLY RIDGE'S** <br> **REPLY** |

This matter is before the Court on a motion by the Defendant Town of Holly Ridge for dismissal of the Plaintiffs' claims against it, pursuant to Rules 12(b)(1), (b)(6) and/or 12(c). (DE #28). Both Plaintiffs and, somewhat surprisingly, the "Pendergraft Defendants" have responded. (*See* DE ##35, 34). While the Defendant Town disagrees with a number of the arguments raised by both of their respective responses, this Reply will focus on the following issues:

- The parties all agree that the Holly Ridge Housing Authority ("HRHA") has been dissolved and its assets and liabilities assumed by the Defendant Town. Accordingly, at a minimum, the HRHA is no longer a "real party in interest" under Fed. R. Civ. P. 17 and 25, so it should be dismissed as a party.

1

- Plaintiffs' breach of contract claim (First Claim for Relief) fails because both Fourth Circuit precedent and the applicable federal regulations clearly establish that tenants are <u>not</u> intended third-party beneficiaries of HUD's contract with the housing authority.

Accordingly, for the reasons explained in the Defendant Town's opening memorandum and here, Plaintiffs' claims should be dismissed.

## **ARGUMENT**

### A. Holly Ridge Housing Authority ("HRHA") should be dismissed as a party-defendant because the HRHA is dissolved and no longer exists.

In its opening memorandum, the Defendant Town of Holly Ridge pointed out that the "Holly Ridge Housing Authority" had been dissolved and was no longer in existence, necessitating the dismissal of all claims against it. The Pendergraft Defendants pointed out in their memorandum that, pursuant to North Carolina's Housing Authorities Law (Article 1 of 157 of the North Carolina General Statutes), a town may by resolution "abolish" a housing authority and assume all property rights of the abolished housing authority. *See* N.C. Gen. Stat. §§ 157-4.1(b) and 157-4.1A(b). The Defendant Town's filings indicate that this is exactly what has happened in this situation.

While the Town did not specify such in its opening memorandum, it appears that Rules 17 and 25 of the Federal Rules of Civil Procedure would govern in this situation. Under Rule 17(b)(2) and (3), state law determines whether a defendant has capacity to sue or be sued, while Rule 25(c) and (d) address the effect of a transfer of interests and substitution of parties. Because there is no dispute that the HRHA has been abolished, it is no longer a "real party in interest" in this case and it should be dismissed as a party-Defendant.

**B. Plaintiffs' Count I (breach of contract, based on the HUD regulations and/or HUD's contract with the HRHA) must be dismissed.**

According to the Amended Complaint, Plaintiffs' "Count I" purports to be a breach of contract claim against the Defendant Town and the Pendergraft Defendants, based on the theory that these Defendants (a) violated HUD regulations contained in Chapter 24 of the Code of Federal Regulations and/or (b) otherwise violated terms of HUD's contracts with the Defendants. (*See* DE #24, at ¶¶ 65-73).

The problem with Plaintiffs' theory is that, even setting aside the issue of whether those claims against the Defendant Town are barred by immunity, binding precedent from the Fourth Circuit indicates that these claims must be dismissed. The Fourth Circuit and numerous other trial courts in this state and others have specifically and repeatedly held that tenants are not "third-party beneficiaries" of HUD's contracts with public housing authorities:

> Finally, the plaintiffs have alleged on appeal that they are third-party beneficiaries to the contract between [the housing authority, HACC] and HUD. This claim has been examined and rejected by several courts. We join these courts in finding that, based on the statutory scheme, the Annual Contributions Contract between HUD and HACC, and the lease between HACC and the tenants, the plaintiffs are at best incidental beneficiaries to the contract between HUD and HACC and therefore have no right to sue HACC.

*Perry v. Hous. Auth. of Charleston*, 664 F.2d 1210, 1218 (4th Cir. 1981).

Other trial courts in North Carolina and across the Fourth Circuit have followed *Perry* in dismissing claims indistinguishable from the claims at issue in this case. *See, e.g., Holman v. Raleigh Hous. Auth.*, No. 5:09-cv-230-BO, 2010 U.S. Dist. LEXIS 84755, at *2 (E.D.N.C. Aug. 17, 2010) (dismissing lawsuit for lack of subject matter jurisdiction because there is no "federal right of action for tenants against a landlord or state housing authority for substandard housing conditions in violation of HUD regulations. Nor may tenants maintain an action in federal court

3

as third-party beneficiaries or a contract between a state housing authority and HUD or pursuant to § 1983."); *accord Spigner v. Cox*, No. 1:23-cv-511, 2023 U.S. Dist. LEXIS 228504, at **8-10 (M.D.N.C. Nov. 30, 2023) (same, but also noting that 24 C.F.R. §§ 982.456 and 983.101(d) also clearly indicate that tenants are not third-party beneficiaries); *Kirby v. Richland Redevel. & Hous. Auth.*, No. 3:04-cv-791, 2005 U.S. Dist. LEXIS 43547, at *16 (E.D. Va. Sept. 13, 2005); *Simmons v. Charleston Hous. Auth.*, 881 F.Supp. 225, 232 (S.D.W. Va. 1995).

HUD's regulations are also very clear about these issues—neither the HUD contracts with the housing authority nor HUD's regulations on housing quality standards create enforceable rights on behalf of the tenants or other third-parties. *See, e.g.*, 24 C.F.R. § 982.456(b), (d) (noting that "[t]he family is not a party to or third party beneficiary of the HAP contract" and the "HAP contract shall not be construed as creating any right of the family or other third party (other than HUD) to enforce any provision of the HAP contract, or to assert any claim against HUD, the PHA or the owner under the HAP contract."); 24 C.F.R. § 983.101(d) (stating that housing quality standards codified in HUD regulations "do not create any right of the family or any party, other that HUD or the PHA, to require enforcement of the [housing quality standards] requirements or to assert any claim against HUD or the PHA for damages, injunction, or other relief . . . .").

In summary, based on the Fourth Circuit's decision in *Perry* and the applicable HUD regulations, it is clear that Plaintiffs are <u>not</u> third-party beneficiaries of any contract with HUD, nor can they rely on any of the housing quality standards contained in HUD's regulations to support a claim for breach of contract. As a result, Plaintiffs' breach of contract claims must be dismissed.[1]

---

[1] Further, as Plaintiffs appear to use this theory as the basis for their contention that federal question jurisdiction exists, the Defendant Town contends that the Court should follow the lead of the *Holman* and *Spigner* courts and dismiss the remaining claims for lack of subject matter jurisdiction.

## **CONCLUSION**

For the above-stated reasons, as well as those set forth in the Defendant Town's opening memorandum, Plaintiffs' claims against the Defendant Town should be dismissed.

This the 15th day of April, 2024.

CROSSLEY McINTOSH COLLIER HANLEY & EDES, PLLC

   */s/ Clay Allen Collier*
Clay Allen Collier
N.C. State Bar No. 13266
Norwood P. Blanchard, III
N.C. State Bar No. 26470
5002 Randall Parkway
Wilmington, NC 28403
P: (910) 762-9711
F: (910) 256-0310
clayc@cmclawfirm.com
norwood@cmclawfirm.com
*Attorneys for the Town of Holly Ridge*

CERTIFICATE OF SERVICE

      I hereby certify that on April 15, 2024, I electronically filed the foregoing REPLY with the Clerk of Court using the CM/ECF system, which will electronically serve the counsel of record for the other parties.

<u>/s/Norwood P. Blanchard, III</u>