# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION
## No. 7:23-CV-1625-M-RJ

| | |
|---|---|
| BRIANNA PAULL, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) REPORT OF THE PARTIES' ) PLANNING MEETING ) Fed. R. Civ. P. 26(f) |
| THE TOWN OF HOLLY RIDGE, et al., | ) ) |
| Defendants | ) ) |

## REPORT OF THE PARTIES' PLANNING MEETING

1. The following persons participated in a Rule 26(f) conference on October 9, 2024 by video conference:

   a. Benjamin Chesson and Anna Majestro, representing Plaintiffs;

   b. Clay Collier, representing the Town of Holly Ridge; and

   c. David Harris, representing the Pendergraph Defendants.

2. Initial Disclosures. The parties will complete by December 6, 2024 the initial disclosures required by Rule 26(a)(1).

3. Discovery Plan. The parties propose this discovery plan:

   (a) Discovery will be needed on these subjects: Class certification issues and elements; liability and causation issues; Plaintiffs' alleged damages; Defendants' asserted defenses to Plaintiffs' claims, and any other matter falling fairly within the subject matter raised in the pleadings.

   (b) The parties agree that discovery on class certification and merits issues

may proceed together. However, the parties are proposing a case management schedule that would resolve class certification and subject matter jurisdiction issues in advance of proceeding with activities directed to trial on liability and damages issues. Accordingly, the parties agree to commence class-related discovery on November 7, 2024, and complete class-related discovery by March 14, 2025. Discovery on liability and damages issues may commence on November 7, 2024, and may continue after March 14, 2025, informed by any rulings on the class certification issues.

(c) The parties do not adopt the presumptive limits on discovery set forth in the Federal Rules of Civil Procedure, but instead request that for discovery purposes the presumptive limits on interrogatories be organized along the following categories:

i. Representative Plaintiffs;

ii. The Town of Holly Ridge Defendant; and

iii. Pendergraph Defendants (Frankie W. Pendergraph, The Pendergraph Companies, LLC, and Pendergraph Development, LLC).

The parties propose that the presumptive limit for interrogatories under FRCP 33 be limited to 25 by each category of parties against any other category of parties. The parties shall revisit limits to interrogatories and document requests relating to physical injuries and damages allegedly sustained by class members at the planning conference on or before May

2

2, 2025. [Responses due 30 days after service.]

(d) The parties propose that requests for admission be limited to twenty-five by each category of parties against any other category of parties unless used solely for authentication of documents. [Responses due 30 days after service.]

(e) The parties propose that the presumptive limit on the number of depositions (ten) be lifted such that the parties may cooperate to limit the number of depositions as appropriate for the needs of this case, with intervention by the Court only if necessary.

(f) The parties propose that the duration of depositions be limited to the time limits set forth in Rule 30(d). If additional time is needed, the parties will endeavor to reach an agreement on additional time for good cause shown, with intervention by the court if no agreement can be reached.

(g) Reports from retained experts under Rule 26(a)(2) addressing class certification are due as follows: by Plaintiffs on February 28, 2025; by Defendants on March 28, 2025; and rebuttals are due on April 18, 2025.

(h) The dates for reports from retained experts under Rule 26(a)(2) addressing merits issues shall be determined at a second planning conference on or before May 2, 2025.

(i) The dates for supplementation under Rule 26(e) shall be determined at a second planning conference on or before May 2, 2025.

(j) The parties propose the following:

i. Preservation. The parties are preserving documents and information consistent with all applicable legal requirements, including preserving potentially relevant paper documents and preserving potentially relevant active data but are not preserving inactive, transient, or backup data kept for disaster recovery purposes, *except* where the party knowns or reasonably should know that such inactive, transient, or backup data is a sole source of relevant information.

ii. Disclosure of electronically stored information ("ESI") will be managed as follows:

    A. Each party shall identify internally, based on a good faith investigation, key custodians of ESI, who will be identified as called for in response to specific document requests as persons likely to have discoverable information, even if they have not been identified in initial disclosures as persons with information the party may use to support its claims or defenses.

    B. The parties agree that date range limitations on document production will be negotiated on a per-request basis. If the parties disagree about whether any requested document production involving a substantial volume of documents (or a smaller number of documents that may be difficult or costly to

4

retrieve) involves undue burden or cost in light of the likely evidentiary value of the materials at issue, the Court may direct that the party seeking production of the materials be responsible for the costs associated with the production if the party from whom production is sought demonstrates to the Court that the information requested is likely to involve undue cost or burden.

C. No **corporate** party will be required to search for relevant information on secondary sources of electronic media such as personal home computers or hand-held devices *except* where the party knows or should reasonably know, without review of the secondary source information itself, that the secondary source includes directly relevant material that is not duplicative of material otherwise produced.

iii. Format of production. The parties are working on an Agreed Order Regarding Form of Production regarding the collection and production of electronically stored information ("ESI") and hard copy documents (collectively "Data"), which are to be produced electronically.

(k) The parties jointly acknowledge that data produced in this case may reflect confidential business information and personal identifying information deserving of protection under this Court's form Protective Order and consequently ask that such an order be entered.

5

4. Other Items:

(a) The parties request a conference with the Court before a scheduling order at the Court's convenience.

(b) The parties request a deadline for second planning conference to address remaining deadline for May 2, 2025.

(c) Final dates for the plaintiff to amend pleadings or to join parties: December 20, 2024, unless otherwise allowed by the Court upon a showing of good cause.

(d) Final dates for the defendant to amend pleadings or to join parties: January 17, 2025, unless otherwise allowed by the Court upon a showing of good cause.

(e) Final dates to file dispositive motions relating to class certification: Deadline for Plaintiffs to file motion for class certification and Daubert motions related to class certification: May 2, 2025; Deadline for Defendants to file responses in opposition to Plaintiffs' motion for class certification and Daubert motions related to class certification: June 2, 2025. Plaintiffs may file a reply brief further supporting their motion for class certification and Daubert motions related to class certification on or before June 23, 2024. The deadlines for the parties to file other dispositive motions or related to merits issues shall be determined at a second planning conference on or before May 2, 2025.

(f) The parties believe discovery is necessary before settlement prospects

6

Case 7:23-cv-01625-M-RJ    Document 45    Filed 11/06/24    Page 6 of 9

can be evaluated.

(h) Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists: To be determined at second planning conference on or before May 2, 2025.

(i) Final dates to file objections under Rule 26(a)(3): To be determined at a second planning conference on or before May 2, 2025.

(j) Suggested trial date and estimate of trial length: To be determined at a second planning conference on or before May 2, 2025.

Date: November 6, 2024.         /s/ Anna Majestro
                                Anna C. Majestro, N.C. Bar # 50850
                                Benjamin S. Chesson, N.C. Bar # 41923
                                J. Douglas Grimes, N.C. Bar # 32699
                                David N. Allen, N.C. Bar # 9095
                                ALLEN, CHESSON & GRIMES PLLC
                                505 N. Church St.
                                Charlotte, NC 28202
                                Telephone: 704.755.6010
                                amajestro@allenchesson.com
                                bchesson@allenchesson.com
                                dgrimes@allenchesson.com
                                dallen@allenchesson.com

                                David S. Miller Jr. (by Special Appearance)
                                South Carolina Bar No. 105033
                                MILLER LAW, LLC
                                81 Columbus Street, Unit A
                                Charleston, SC 29403
                                Telephone:843-822-131
                                david@attorneymiller.com

7

Anthony J. Majestro (by Special Appearance)
West Virginia Bar No. 5165
POWELL & MAJESTRO PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301
Tel: (304) 346-2889
Fax: (304) 346-2895
amajestro@powellmajestro.com

*Attorneys for Plaintiffs*

Date: November 6, 2024.

/s/ David L. Brown
David L. Brown (N.C. State Bar No. 18942)
David G. Harris II (N.C. State Bar No. 35327)
GOLDBERG SEGALLA LLP
701 Green Valley Road, Suite 310
Greensboro, NC 27408
Telephone: 336.419.4900
Email: dbrown@goldbergsegalla.com
dharris@goldbergsegalla.com

-and-

Thomas M. Buckley NC Bar No. 26076
William H. Harkins, Jr. NC Bar No 37899
421 Fayetteville Street, Suite 1210
Raleigh, North Carolina 27601
Telephone: (919) 582-0810
Email:tbuckley@goldbergsegalla.com
wharkins@goldbergsegalla.com

*Attorneys for the Pendergraph Defendants*

Date: November 6, 2024.   /s/ Clay Allen Collier
Clay Allen Collier
N.C. State Bar No. 13266
Norwood P. Blanchard, III
N.C. State Bar No. 26470
5002 Randall Parkway
Wilmington, North Carolina 28403
P: (910) 762-9711
F: (910) 256-0310
clayc@cmclawfirm.com
norwood@cmclawfirm.com

*Attorneys for the Town of Holly Ridge*