| | |
|---|---|
| BRIANNA PAULL, individually; BRIANNA PAULL, as guardian of A.P., A.P., R.K., Jr., and A.F., her minor children; and BRIANNA PAULL, as class representative on behalf of the class defined herein,<br><br>          Plaintiffs,<br><br> v.<br><br>THE TOWN OF HOLLY RIDGE; THE PENDERGRAPH COMPANIES, LLC; PENDERGRAPH DEVELOPMENT, LLC; FRANKIE W. PENDERGRAPH; and JOHN DOE CONTRACTORS 1 through 10,<br><br>          Defendants. | **DEFENDANT TOWN OF HOLLY RIDGE'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** |

NOW COMES the Town of Holly Ridge, North Carolina (the "Town"), a municipal corporation, by and through the undersigned counsel, preserving all immunities, defenses and rights and responding to the First Amended Class Action Complaint of the Plaintiffs (the "Amended Complaint") (D.E. 24) as follows:

## FIRST DEFENSE

The Town responds to the Amended Complaint as follows:

1. The allegations contained in Paragraph 1 of the Amended Complaint are, as they relate to the Town, admitted upon information and belief.

2. Pursuant to the Order of this Court filed September 9, 2024 (D.E. 40), the allegations directed to the now abolished Holly Ridge Housing Authority are dismissed and no response is required; it is admitted that the Town is a political subdivision located in

1

Onslow County, North Carolina and is the owner of real property, and improvements located thereon, identified in the Complaint as the "Holly Plaza Apartments" and/or the "Holly Plaza Apartment complex" ("Holly Plaza").

3. The allegations contained in Paragraph 3 of the Amended Complaint are, as they relate to the Town, admitted.

4. The allegations contained in Paragraph 4 of the Amended Complaint are, as they relate to the Town, respectfully denied.

5. The allegations contained in Paragraph 5 of the Amended Complaint are, as they relate to the Town, respectfully denied.

6. The allegations contained in Paragraph 6 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the allegations contained in Paragraph 6 of the Amended Complaint are admitted upon information and belief.

7. The allegations contained in Paragraph 7 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the allegations contained in Paragraph 7 of the Amended Complaint are admitted upon information and belief.

## JURISDICTION AND VENUE

8. The allegations contained in Paragraph 8 of the Amended Complaint are, as they relate to the Town, demonstrably false, known by the Plaintiffs to be false and respectfully denied.

9. The allegations contained in Paragraph 9 of the Amended Complaint are, as they relate to the Town, demonstrably false, known by the Plaintiffs to be false and respectfully denied.

10. It is admitted that all of the named Defendants are citizens or entities existing within the state of North Carolina, that the subject property is located in the state of North Carolina and that all acts and omissions alleged in the Amended Complaint occurred in the state of

North Carolina; except as is specifically admitted herein, the rest and remaining allegations contained in Paragraph 10 of the Amended Complaint are, as they relate to the Town, respectfully denied.

11. It is admitted that all of the events or omissions alleged in the Amended Complaint occurred, and all of the real property that is the subject of this action is situated, in Onslow County, North Carolina; the rest and remaining allegations contained in Paragraph 11 of the Amended Complaint are demonstrably false, known by the Plaintiffs to be false and respectfully denied.

## FACTS UNDERLYING PLAINTIFFS' CLAIMS

12. The allegations contained in Paragraph 12 of the Amended Complaint are, as they relate to the Town, admitted.

13. The allegations contained in Paragraph 13 of the Amended Complaint are, as they relate to the Town, admitted.

14. It is admitted that, when the Town requested financial assistance from the United States Department of Housing and Urban Development ("HUD") to facilitate repairs to the Holly Plaza buildings caused by Hurricane Florence, HUD required the Town to retain a private company, approved by HUD, to manage Holly Plaza.

15. It is admitted that, on or about May 1, 2019, at the direction of HUD, the Town entered a management agreement contract, with an attached Management Plan, with the co-Defendant Pendergraph Management, LLC; it is further admitted that the management agreement and the Management Plan are attached as Exhibits D & E to the Affidavit of Heather Reynolds (D.E. 29) are written documents that speak for themselves and are the best evidence of what they contain.

3

16. It is admitted that the former Holly Ridge Housing Authority was abolished pursuant to N.C. Gen. Stat. § 157-4.1, by resolution dated February 27, 2020, that the said resolution is a public record and written document attached as Exhibit F to the Affidavit of Heather Reynolds (D.E. 29), that the resolution speaks for itself and is the best evidence of what it contains.

17. The Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 17 of the Amended Complaint and said allegations are, therefore, respectfully denied.

18. The allegations contained in Paragraph 18 of the Amended Complaint are, as they relate to the Town, admitted.

19. The allegations contained in Paragraph 19 of the Amended Complaint are, as they relate to the Town, admitted upon information and belief.

20. It is admitted that 20 C.F.R. §5.703 is a written document that speaks for itself and is the best evidence of what it contains.

21. It is admitted that 24 C.F.R § 982.401 is a written document that speaks for itself and is the best evidence of what it contains.

22. The Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations concerning consideration of HUD, but it is admitted that the website reference contained in Paragraph 2 connects to a written document that speaks for itself and is the best evidence of what it contains.

23. It is admitted that rent subsidization payments were made for the Plaintiff and other Holly Plaza tenants and that the Town contracted with Pendergraph Management to manage the

Holly Plaza property in accordance with applicable standards or safety regulations requested or required by HUD.

24. It is admitted that the Plaintiff and others made certain complaints about the condition of certain units in Holly Plaza possibly beginning in November of 2022, to the Town and that the Town was instructed by HUD to refer all complaints to Pendergraph Management.

25. The Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 25 of the Amended Complaint and said allegations are, therefore, respectfully denied.

26. The Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 26 of the Amended Complaint and said allegations are, therefore, respectfully denied.

27. The allegations contained in Paragraph 27 of the Amended Complaint are not directed to the Town and require no response; if a response is required the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 27 and said allegations are, therefore, respectfully denied.

28. The allegations contained in Paragraph 28 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 28 and said allegations are, therefore, respectfully denied.

29. The allegations contained in Paragraph 29 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without

sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 29 and said allegations are, therefore, respectfully denied.

30. The allegations contained in Paragraph 30 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 30 and said allegations are, therefore, respectfully denied.

31. The allegations contained in Paragraph 31 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 31 and said allegations are, therefore, respectfully denied.

32. The allegations contained in Paragraph 32 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 32 and said allegations are, therefore, respectfully denied.

33. The allegations contained in Paragraph 33 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 33 and said allegations are, therefore, respectfully denied.

34. The allegations contained in Paragraph 34 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 34 and said allegations are, therefore, respectfully denied

35. The allegations contained in Paragraph 35 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 35 and said allegations are, therefore, respectfully denied.

36. The allegations contained in Paragraph 36 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 36 and said allegations are, therefore, respectfully denied.

37. The allegations contained in Paragraph 37 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 37 and said allegations are, therefore, respectfully denied.

38. The allegations contained in Paragraph 38 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the

allegations contained in Paragraph 38 and said allegations are, therefore, respectfully denied.

39. The allegations contained in Paragraph 39 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 39 and said allegations are, therefore, respectfully denied.

40. The allegations contained in Paragraph 40 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 40 and said allegations are, therefore, respectfully denied.

41. The allegations contained in Paragraph 41 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 41 and said allegations are, therefore, respectfully denied.

42. The allegations contained in Paragraph 42 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 42 and said allegations are, therefore, respectfully denied.

43. The allegations contained in Paragraph 43 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 43 and said allegations are, therefore, respectfully denied.

44. The allegations contained in Paragraph 44 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 44 and said allegations are, therefore, respectfully denied.

45. The allegations contained in Paragraph 45 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 45 and said allegations are, therefore, respectfully denied.

46. The allegations contained in Paragraph 46 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 46 and said allegations are, therefore, respectfully denied.

47. The allegations contained in Paragraph 47 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the

allegations contained in Paragraph 47 and said allegations are, therefore, respectfully denied.

48. The allegations contained in Paragraph 48 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 48 and said allegations are, therefore, respectfully denied.

49. The allegations contained in Paragraph 49 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 49 and said allegations are, therefore, respectfully denied.

50. The allegations contained in Paragraph 50 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 50 and said allegations are, therefore, respectfully denied.

51. The allegations contained in Paragraph 51 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 51 and said allegations are, therefore, respectfully denied.

10

52. It is admitted that, at the October 27, 2023 emergency meeting of the Holly Ridge Town Council, the Town determined that Holly Plaza should be vacated to allow appropriate inspection and testing and, therefore, authorized funding to pay for the Plaintiff and all Holly Plaza residents to reside at the Home 2 Suites by Hilton, 139 Circuit Lane, Jacksonville, Onslow County, North Carolina as reflected by minutes of said special Town board meeting which are a public record available through the Town's website and as described in the Affidavit of Heather Reynolds (D.E. 29) including Paragraph 30.

53. It is admitted that the Town advised the Plaintiff and other residents to transport personal property and belongings with them to the Home 2 Suites by Hilton referenced in the Town's response to Paragraph 52 of the Amended Complaint.

54. The allegations contained in Paragraph 54 of the Amended Complaint are, as they relate to the Town, admitted.

55. It is admitted that the Town notified the Plaintiff and other Holly Plaza residents of certain restrictions related to entry onto the Holly Plaza property while investigation, evaluation and testing were being performed by other parties.

56. The Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 56 of the Amended Complaint and said allegations are, therefore, respectfully denied.

57. It is admitted that the Plaintiff's apartment in Holly Plaza was inspected, possibly on November 3, 2023 by contractors employed by the Town.

58. The allegations contained in Paragraph 58 of the Amended Complaint are not directed to the Town and require no response; if a response is required, the Town is without

sufficient information to form a reasonable belief regarding the truth of the allegations contained in Paragraph 58 and said allegations are, therefore, respectfully denied.

59. It is admitted that in November of 2023, Plaintiff and other Holly Plaza residents were notified that the buildings in the Holly Plaza apartment complex were not appropriate for habitation and condemned.

60.  The Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 60 of the Amended Complaint and said allegations are, therefore, respectfully denied.

61. The Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 61 of the Amended Complaint and said allegations are, therefore, respectfully denied.

62. It is admitted that the Holly Plaza buildings were deemed unfit for human habitation and condemned on or about November 21, 2023 and that the Plaintiffs and all Holly Plaza residents were notified at or near that time.

63. It is admitted that the Plaintiff and all Holly Plaza residents were accommodated, housed and resided at the Home 2 Suites by Hilton in Jacksonville, Onslow County, North Carolina from October 30, 2023 until January 15, 2024 at the sole and exclusive expense of the Town as more fully described in the Affidavit of Heather Reynolds (D.E. 29).

64. It is admitted that, in a meeting with the owner or representative of Pendergraph Management in November 2023, Pendergraph Management abruptly and unilaterally terminated the Management Agreement without notice and contrary to the terms and conditions of the Management Agreement.

## COUNT I
## Breach of Contract
## (Against the Town and Pendergraph Defendants)

65. The Town hereby reasserts and realleges the responses to the allegations contained in Paragraphs 1-64 of the Amended Complaint as if fully set forth herein.

66. It is admitted that, prior to contracting with Pendergraph Management, the Town agreed to comply and complied with applicable HUD regulations and standards relative to Holly Plaza and that the Town thereafter contracted with, and relied upon, Pendergraph Management to comply with applicable HUD regulations and standards at Holly Plaza.

67. The allegations contained in Paragraph 67 of the Amended Complaint are, as they relate to the Town, respectfully denied.

68. The allegations contained in Paragraph 68 of the Amended Complaint are, as they relate to the Town, admitted.

69. The Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 69 of the Amended Complaint and said allegations are, therefore, respectfully denied.

70. The Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 70 of the Amended Complaint and said allegations are, therefore, respectfully denied.

71. The allegations contained in Paragraph 71 of the Amended Complaint are, as they relate to the Town, respectfully denied.

72. The allegations contained in Paragraph 72 of the Amended Complaint contain statements of purported law and not factual allegations and should therefore be struck pursuant to F. R. C. P. Rule 12(f); without waiving any objection, the allegations contained in Paragraph

13

72 of the Amended Complaint are demonstrably false, known by the Plaintiffs to be false and respectfully denied.

73. The allegations contained in Paragraph 73 of the Amended Complaint are, as they relate to the Town, respectfully denied.

**COUNT II**
**Breach of Warranty of Habitability**
**(Against the Town and Pendergraph Defendants)**

74. The Town hereby reasserts and realleges the responses to the allegations contained in Paragraphs 1-73 of the Amended Complaint as if fully set forth herein.

75. The allegations contained in Paragraph 75 of the Amended Complaint are, as they relate to the Town, respectfully denied.

76. The allegations contained in Paragraph 76 of the Amended Complaint contain statements of purported law and not factual allegations and should therefore be struck pursuant to F. R. C. P. Rule 12(f); without waiving any objection, as set forth herein or otherwise, the Town responds as follows: the lease agreements referenced in Paragraph 76 of the Amended Complaint were negotiated by, and the responsibility of, Pendergraph Management pursuant to the Management Agreement and the Management Plan, and the Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 76 and said allegations are, therefore, respectfully denied.

77. It is admitted that during all relevant times, Pendergraph Management had contracted with the Town through the Management Agreement and Management Plan dated May 1, 2019 attached as Exhibit D and Exhibit E to the Affidavit of Heather Reynolds (D.E. 29), those written documents being the best evidence of what they contain.

14

78. The allegations contained in Paragraph 78 of the Amended Complaint are, as they relate to the Town, respectfully denied.

79. The allegations contained in Paragraph 79 of the Amended Complaint are, as they relate to the Town, respectfully denied.

80. It is admitted that N.C. Gen. Stat. § 42-42(a)(1) and Town Ordinance Chapter 6 are written documents that speak for themselves and are the best evidence of what they contain.

81. It is admitted that N.C. Gen Stat. § 42-42(a)(2) is a written document that speaks for itself and is the best evidence of what it contains.

82. It is admitted that N.C. Gen Stat. § 42-42(a)(2) is a written document that speaks for itself and is the best evidence of what it contains.

83. The allegations contained in Paragraph 83 of the Amended Complaint are, as they relate to the Town, respectfully denied.

84. It is admitted that N.C. Gen. Stat. § 42-42 is a written document that speaks for itself and is the best evidence of what it contains.

85. The allegations contained in Paragraph 85 of the Amended Complaint, and each and every subpart of are, as they relate to the Town, respectfully denied.

86. The allegations contained in Paragraph 86 of the Amended Complaint contain statements of purported law and not factual allegations and should therefore be struck pursuant to F. R. C. P. Rule 12(f); without waiving any objection, as set forth herein or otherwise, the Town denies any breach of duty alleged in the Amended Complaint.

87. The allegations contained in Paragraph 87 of the Amended Complaint are, as they relate to the Town, respectfully denied.

88. The Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 88 of the Amended Complaint and said allegations are, therefore, respectfully denied.

89. The allegations contained in Paragraph 89 of the Amended Complaint are, as they relate to the Town, respectfully denied.

90. The allegations contained in Paragraph 90 of the Amended Complaint are, as they relate to the Town, respectfully denied.

91. The Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 91 of the Amended Complaint and said allegations are, therefore, respectfully denied.

92. The allegations contained in Paragraph 92 of the Amended Complaint are, as they relate to the Town, respectfully denied.

## COUNT III
### Violations of Unfair and Deceptive Trade Practices Act
### (Against all Defendants)

93. Pursuant to the Order of this Court filed September 9, 2024 (D.E. 40), the claims made against the Town in Count III are dismissed and no response is required to the allegations contained in Paragraphs 93-106.

## COUNT IV
### Breach of Contract/Breach of Implied Covenant of Good Faith and Fair Dealing
### (Against Town of Holly Ridge)

107. The Town hereby reasserts and realleges the responses to the allegations contained in Paragraphs 1-106 of the Amended Complaint as if fully set forth herein.

108. The allegations contained in Paragraph 108 of the Amended Complaint are, as they relate to the Town, respectfully denied.

109.  The Lease referenced in Paragraph 109 of the Amended Complaint is a written document that speaks for itself and is the best evidence of what it contains.

110.  The allegations contained in Paragraph 110 of the Amended Complaint are, as they relate to the Town, respectfully denied.

111.  The allegations contained in Paragraph 111 of the Amended Complaint contain statements of purported law and not factual allegations and should therefore be struck pursuant to F. R. C. P. Rule 12(f); without waiving any objection, the allegations contained in Paragraph 111 are, as they relate to the Town, respectfully denied.

112.  The allegations contained in Paragraph 112 of the Amended Complaint contain statements of purported law and not factual allegations and should therefore be struck pursuant to F. R. C. P. Rule 12(f); without waiving any objection, the allegations contained in Paragraph 112 are, as they relate to the Town, respectfully denied.

113.  The Town is without sufficient information upon which to form a reasonable belief regarding any understanding or expectation of the Plaintiffs in the allegations contained in Paragraph 113 of the Amended Complaint, and each and every subpart thereof, are therefore respectfully denied.

114.  The allegations contained in Paragraph 114 of the Amended Complaint are, as they relate to the Town, respectfully denied.

115.  The allegations contained in Paragraph 115 of the Amended Complaint are, as they relate to the Town, respectfully denied.

116.  The allegations contained in Paragraph 116 of the Amended Complaint are, as they relate to the Town, respectfully denied.

17

**COUNT V**
**Negligence**
**(Against all Defendants)**

117. The Town hereby reasserts and realleges the responses to the allegations contained in Paragraphs 1-116 of the Amended Complaint as if fully set forth herein.

118. The allegations contained in Paragraph 118 of the Amended Complaint contain statements of purported law and not factual allegations and should therefore be struck pursuant to F. R. C. P. Rule 12(f); without waiving any objection, the allegations contained in Paragraph 118 of the Amended Complaint and, each and every subpart thereof, are, as they relate to the Town, respectfully denied.

119. The allegations contained in Paragraph 119 of the Amended Complaint are, as they relate to the Town, respectfully denied.

120. The allegations contained in Paragraph 120 of the Amended Complaint are, as they relate to the Town, respectfully denied.

121. The allegations contained in Paragraph 121 of the Amended Complaint are, as they relate to the Town, respectfully denied.

122. The allegations contained in Paragraph 122 of the Amended Complaint are, as they relate to the Town, respectfully denied.

123. The allegations contained in Paragraph 123 of the Amended Complaint are, as they relate to the Town, respectfully denied. Pursuant to the Order of this Court filed September 9, 2024 (D.E. 40), the punitive damages claims made against the Town are dismissed and no response is required to these specific allegations.

## COUNT VI
### Temporary Recurrent Private Nuisance
### (Against all Defendants)

124.    The Town hereby reasserts and realleges the responses to the allegations contained in Paragraphs 1-123 of the Amended Complaint as if fully set forth herein.

125.    The allegations contained in Paragraph 125 of the Amended Complaint contain statements of purported law and not factual allegations and should therefore be struck pursuant to F. R. C. P. Rule 12(f); without waiving any objection, the allegations contained in Paragraph 125 of the Amended Complaint are, as they relate to the Town, respectfully denied.

126.    The allegations contained in Paragraph 126 of the Amended Complaint are, as they relate to the Town, respectfully denied.

127.    The allegations contained in Paragraph 127 of the Amended Complaint are, as they relate to the Town, respectfully denied.

128.    The allegations contained in Paragraph 128 of the Amended Complaint are, as they relate to the Town, respectfully denied.

129.    The allegations contained in Paragraph 129 of the Amended Complaint are, as they relate to the Town, respectfully denied.

130.    The allegations contained in Paragraph 130 of the Amended Complaint are, as they relate to the Town, respectfully denied.

## COUNT VII
### Punitive Damages
### (Against the Town of Holly Ridge and Pendergraph)

131. Pursuant to the Order of this Court filed September 9, 2024 (D.E. 40), the punitive damages claims made against the Town are dismissed and no response is required to the allegations contained in Paragraphs 131-138.

### CLASS ACTION ALLEGATIONS

139. The Town hereby reasserts and realleges the responses to the allegations contained in Paragraphs 1-138 of the Amended Complaint as if fully set forth herein. The allegations contained in Paragraph 139 of the Amended Complaint contain statements of purported law and not factual allegations and should therefore be stricken pursuant to F. R. C. P. Rule 12(f); without waiving any objection, as set forth herein or otherwise, the allegations contained in Paragraph 139 of the Amended Complaint are, as they relate to the Town, respectfully denied.

140. It is admitted that Fed. R. Civ. P. 23(b)(3) is a written document that speaks for itself and is the best evidence of what it contains; it is expressly denied that Fed. R. Civ. P. 23(b)(3) applies to the claims made against the Town.

141. The Town understands that the Plaintiffs seek certification of a purported class and denies that this Court has jurisdiction or should certify any class in this case.

142. The Town understands that the Plaintiffs seek certification of a purported class and denies that this Court has jurisdiction or should certify any class in this case.

143. The Town understands that the Plaintiffs seek certification of a purported class and denies that this Court has jurisdiction or should certify any class in this case.

144. The allegations contained in Paragraph 144 of the Amended Complaint are, as they relate to the Town, respectfully denied.

145. The allegations contained in Paragraph 145 of the Amended Complaint and, each and every subpart thereof, are, as they relate to the Town, respectfully denied.

146. The allegations contained in Paragraph 146 of the Amended Complaint and, each and every subpart thereof, are, as they relate to the Town, respectfully denied.

147. The Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 147 of the Amended Complaint and said allegations are, therefore, respectfully denied.

148. The Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 148 of the Amended Complaint and said allegations are, therefore, respectfully denied.

149. The Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 149 of the Amended Complaint and said allegations are, therefore, respectfully denied.

150. The Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 150 of the Amended Complaint and said allegations are, therefore, respectfully denied.

151. The allegations contained in Paragraph 151 of the Amended Complaint are, as they relate to the Town, respectfully denied.

152. The allegations contained in Paragraph 152 of the Amended Complaint are, as they relate to the Town, respectfully denied.

153.    The Town is without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 153 of the Amended Complaint and said allegations are, therefore, respectfully denied.

154.    Any and all allegations contained in any paragraph not hereinabove specifically addressed are, as they relate to the Town, respectfully denied.

## SECOND DEFENSE

1.    The Town incorporates all prior defenses as if fully set forth.

2.    This Court lacks subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), as there are not more than 100 members of the class; minimal diversity does not exist; and the amount in controversy does not exceed $5,000,000.00.

3.    This Court lacks subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332. Plaintiff has not alleged any causes of action arising under the Constitution, laws, or treaties of the United States. Plaintiffs are not intended beneficiaries of HUD's contract with the housing authority. Therefore, subject matter jurisdiction on the basis of a federal question does not exist. Further, upon information and belief, Plaintiff and all putative class members were on the date of filing and, upon information and belief, are presently citizens and residents of North Carolina. Therefore, subject matter jurisdiction on the basis of diversity of citizenship does not exist.

5.    The lack of subject matter jurisdiction is pled as a complete defense to the Amended Complaint.

## THIRD DEFENSE

1.    The Town incorporates all prior defenses as if fully set forth.

2.    The Town's ownership and operation (by Pendergraph Management, Inc. pursuant to that certain Management Agreement, dated May 1, 2019) of Holly Plaza is pursuant to Chapter 157 of the North Carolina General Statutes.

3.    The Town was, at all times, performing activities related to governmental functions.

4.    The Town, and any of its public officials and employees, in its or their official capacity and/or as a governmental official, are protected by governmental immunity in the performance of governmental functions, and this immunity has not been waived. The Affidavit of Town Manager Heather Reynolds (D.E. 29) is incorporated herein by reference as if fully set forth herein.

5.    The Town is protected from the claims made in the Amended Complaint by the doctrine of governmental immunity which is pleaded in bar of all, or any part as applicable, of the claims made against the Town.

**FOURTH DEFENSE**

1.    The Town incorporates all prior defenses as if fully set forth.

2.    At all times relevant to the allegations contained in the Amended Complaint, the Town and its public officials and employees, were acting as a public official.

3.    The Town's actions, and the actions of its public officials and employees, as public officials, were carried out exercising its and their discretion or judgment.

4.    The Town's actions and the actions of its public officials and employees were not committed with malice or corruption or outside the scope and course of their employment with the Town.

5.     The Town's actions and the actions of its public officials and employees were committed within the scope of their authority.

6.     As such, the Town's actions and the actions of its public officials and employees were all carried out while acting as a government official and it and they are therefore immune from liability for Plaintiffs' claims.  The defense of public official immunity is pled as a defense to the Amended Complaint and all relief sought through it.

## FIFTH DEFENSE

1.     The Town incorporates all prior defenses as if fully set forth.

2.     To the extent the Amended Complaint contains claims against the Town and its public officials and employees arising in the connection with the performance of governmental functions, at all times, such actions were taken in an objectively reasonable manner and did not violate any of Plaintiffs' clearly established statutory or constitutional rights.  The doctrine of qualified immunity is pled as a defense to any claim asserted against the Town and its public officials and employees and the doctrine of qualified immunity is pled as a defense to the Amended Complaint and all relief sought through it.

## SIXTH DEFENSE

1.     The Town incorporates all prior defenses as if fully set forth.

2.     Plaintiff's injuries and damages were not caused by any unlawful or improper action of the Town and its public officials and employees.

3.     To the extent the Town and its public officials and employees acted or failed to act in such a way that violated any law, such violation did not proximately cause any injury or damage of which Plaintiffs complain.

4.    To the extent the Town and its public officials and employees may be found negligent or liable in any way of interacting with Plaintiffs, which such negligence and liability is denied, and if it is determined that such claim for such act is not barred by governmental immunity, public official immunity, qualified immunity or any other valid defense, upon information and belief, Plaintiffs' injuries and damages were caused by their own actions. Specifically, Plaintiffs:

    a.    Failed to adequately and appropriately care for and maintain the property described in the Amended Complaint during their occupancy of same;

    b.    Failed to take proper care and precaution to avoid any alleged, but denied, defects or dangers existing in or about the property described in the Amended Complaint which they occupied;

    c.    Failed to avoid exposure and, upon information and belief, exposed themselves to other materials and activities that are understood and acknowledged to be hazardous to their health;

    d.    Failed to exercise due care in circumspection under the conditions then and there at the time existing; and

    e.    Were negligent and careless and reckless and willful and wanton in other matters that will be set forth at the trial of this matter.

5.    Should it be determined that the Town was negligent as alleged, but denied, in the Amended Complaint and that such negligence was a proximate cause of the Plaintiffs' alleged, but denied, damages, then the negligence and the willful and wanton conduct of the Plaintiffs and the putative class members constitutes contributory negligence and/or gross contributory

negligence and/or assumption of risk which is pleaded in bar of all, or any part as applicable, of the claims made in the Amended Complaint.

## SEVENTH DEFENSE

1. The Town incorporates all prior defenses as if fully set forth.

2. Plaintiffs' injuries and damages were not caused by any unlawful or improper action of the Town or its public officials and employees.

3. To the extent the Town and its public officials and employees acted or failed to act in such a way that violated any law, such violation did not proximately cause any injury or damage of which Plaintiffs complain. Such defense is pled as a complete defense to the Amended Complaint and all relief sought through it.

## EIGHTH DEFENSE

1. The Town incorporates all prior defenses as if fully set forth.

2. Any claim based upon, arising from or related to a contract with the Town that does not contain a pre-audit certificate in conformance with N.C. Gen. Stat. §159-28(a)(1) is invalid and unenforceable, and the requirements of N.C. Gen Stat. §159-28 are hereby pleaded in bar of all, or any as applicable, of the claims made against the Town in the Amended Complaint.

## NINTH DEFENSE

1. The Town incorporates all prior defenses as if fully set forth.

2. The Town hereby pleads the Statute of Frauds in bar of all, or any as applicable, of the claims made against the Town in the Amended Complaint.

## TENTH DEFENSE

1. The Town incorporates all prior defenses as if fully set forth.

2.      The Town hereby pleads the doctrine of impossibility in bar of all, or any part as applicable, of the claims made against the Town in the Amended Complaint.

## ELEVENTH DEFENSE

1.      The Town incorporates all prior defenses as if fully set forth.

2.      Twenty-one (21) former residents of Holly Plaza, including six (6) identified by counsel as members of the proposed/purported class of Plaintiffs, have accepted a lump sum payment from the Town in exchange for a cancellation of any lease and release of claims against the Town by executing a Lease Cancellation and Release Agreement referenced in paragraph 31 and 33 of the Affidavit of Heather Reynolds (D.E. 29) and attached to said Affidavit as Exhibit I, which is incorporated herein by reference as if fully set forth herein.

3.      The Lease Cancellation and Release Agreement bars the claims made against the Town and constitutes an accord and satisfaction, all of which is pleaded in bar of all, or any as applicable, of the claims made in the Amended Complaint.

## TWELVETH DEFENSE

1.      The Town incorporates all prior defenses as if fully set forth.

2.      The claims contained in Count V of the Amended Complaint are barred by the economic loss rule, which is pleaded in bar of all, or any as applicable, of the claims made in the Amended Complaint.

## THIRTEENTH DEFENSE

1.      The Town incorporates all prior defenses as if fully set forth.

2.      The Plaintiffs' action is not maintainable as a class action because the Plaintiffs fail to satisfy the applicable requirements of federal law, which is pleaded in bar of all, or any as applicable, of the claims made in the Amended Complaint.

## FOURTEENTH DEFENSE

1.     The Town incorporates all prior defenses as if fully set forth.

2.     Plaintiffs' claims and/or the claims of the putative class members are barred, in whole or in part, by the applicable Statute of Limitations and/or Statute of Repose of the State of North Carolina.

## FIFTEENTH DEFENSE

1.     The Town incorporates all prior defenses as if fully set forth.

2.     The Plaintiffs, and some or all of the members of the putative class, lack standing to assert the claims in the Amended Complaint, which is pleaded in bar of all, or any as applicable, of the claims made in the Amended Complaint.

## SIXTEENTH DEFENSE

1.     The Town incorporates all prior defenses as if fully set forth.

2.     The Town pleads doctrines of Estoppel, Unclean Hands, Waiver, Consent and other equitable defenses or limitations in bar of all, or any as applicable, of the claims made in the Amended Complaint.

## SEVENTEENTH DEFENSE

1.     The Town incorporates all prior defenses as if fully set forth.

2.     Plaintiffs' injuries and damages were not caused by any unlawful or improper action of the Town.

3.     To the extent the Town acted or failed to act in such a way that violated any law, such violation did not proximately cause any injury or damage of which Plaintiff complains.

## EIGHTEENTH DEFENSE

1.     The Town incorporates all prior defenses as if fully set forth.

28

2.      At all times applicable to the claims made in the Amended Complaint, the Town complied with the instruction and direction of the government of the United States, including but not necessarily limited to the Department of Housing and Urban Development ("HUD") said acquiescence and compliance including allowing access to the Holly Plaza property for regular inspection by HUD, federal or other government officials that, upon information and belief, determined the property in compliance with all applicable federal regulations or guidelines thereby preempting the legal basis for the claims made against the Town, which is pleaded in bar of all, or any part as applicable, of the claims made in the Amended Complaint.

## NINETEENTH DEFENSE

1.      The Town incorporates all prior defenses as if fully set forth.

2.      The Town pleads all terms, conditions precedent, exclusions, and all other limitations contained in the Management Agreement dated May 1, 2019, attached to the Affidavit of Heather Reynolds (D.E. 29) as "Exhibit D," in bar of all, or any part as applicable, of the claims made in the Amended Complaint.

## TWENTIETH DEFENSE

1.      The Town incorporates all prior defenses as if fully set forth.

2.      The Town pleads all terms, conditions precedent, exclusions, and all other limitations contained in the Management Plan dated May 1, 2019, attached to the Affidavit of Heather Reynolds (D.E. 29) as "Exhibit E," in bar of all, or any part as applicable, of the claims made in the Amended Complaint.

## TWENTY-FIRST DEFENSE

1.      The Town incorporates all prior defenses as if fully set forth.

2.      If the conduct of the Town and/or its representatives was wrongful or negligent in any of the manners as alleged in the Amended Complaint, which is again specifically denied, and such conduct was passive and insulated by the active, intervening and superseding acts and/or omissions of other parties, including but not limited to Pendergraph Management and/or HUD and other professionals or parties referenced in the Amended Complaint.

3.      The active, intervening, superseding acts and/or omissions of other parties breaks the chain of proximate causation with respect to any act or omission of the Town and/or it's officials, which is specifically pleaded in bar of all, or any part as applicable, of the claims made in the Amended Complaint.

<strong><u>TWENTY-SECOND DEFENSE</u></strong>

1.      The Town incorporates all prior defenses as if fully set forth.

2.      At all times applicable to the Amended Complaint, and subsequent thereto, the Plaintiffs and putative class members have, upon information and belief, taken affirmative action and/or failed to take certain other action which would have mitigated the alleged, but denied, damages and Plaintiffs' failure to mitigate their damages is specifically pleaded in bar of all, or any part as applicable, of the claims made in the Amended Complaint.

<strong><u>TWENTY-THIRD DEFENSE</u></strong>

1.      The Town incorporates all prior defenses as if fully set forth.

2.      Should the court find that the Town is obligated to the Plaintiffs and/or the putative class members for any sums, then the Town claims credit for any amounts paid or payable to said Plaintiffs from any other source as allowed by law.

<strong><u>TWENTY-FOURTH DEFENSE</u></strong>

1.      The Town incorporates all prior defenses as if fully set forth.

2.      Fourth Circuit precedent establishes that tenants are not intended third-party beneficiaries of HUD's contract with the housing authority. *See, e.g.*, *Perry v. Hous. Auth. of Charleston*, 664 F.2d 1210, 1218 (4th Cir. 1981); *Holman v. Raleigh Hous. Auth.*, No. 5:09-cv-230-BO, 2010 U.S. Dist. LEXIS 84755, at *2 (E.D.N.C. Aug. 17, 2010); *Spigner v. Cox*, No. 1:23-cv-511, 2023 U.S. Dist. LEXIS 228504, at **8-10 (M.D.N.C. Nov. 30, 2023); *Simmons v. Charleston Hous. Auth.*, 881 F. Supp. 225, 232 (S.D.W. Va. 1995).

3.      Applicable federal law establishes that tenants are not intended third-party beneficiaries of HUD's contract with the housing authority. *See, e.g.*, 24 C.F.R. § 982.456(b), (d) (noting that "[t]he family is not a party to or third party beneficiary of the HAP contract" and the "HAP contract shall not be construed as creating any right of the family or other third party (other than HUD) to enforce any provision of the HAP contract, or to assert any claim against HUD, the PHA or the owner under the HAP contract."); 24 C.F.R. § 983.101(d) (stating that housing quality standards codified in HUD regulations "do not create any right of the family or any party, other that HUD or the PHA, to require enforcement of the [housing quality standards] requirements or to assert any claim against HUD or the PHA for damages, injunction, or other relief . . . .").

4.      Plaintiffs are not third-party beneficiaries of any contract with HUD and cannot rely on any of the housing quality standards contained in HUD's regulations to support a claim for breach of contract.

5.      The above is pled as a defense to all claims asserted in Plaintiff's Amended Complaint against the Town and all relief through it.

31

## TWENTY-FIFTH DEFENSE

1. The Town incorporates all prior defenses as if fully set forth.

2. As a further defense, to the extent the Amended Complaint contains claims against the Town, such claims violate the Constitution of the United States in that they seek to deprive it of property, without due process of law, violate its constitutional provisions concerning equal protection and violate its constitutional protections against the prohibition of the imposition of excessive fines. Such defense is pled as a complete defense to the Amended Complaint and all relief sought through it.

## TWENTY-SIXTH DEFENSE

1. The Town incorporates all prior defenses as if fully set forth.

2. The actions taken by the Town and its officials and employees were all pursuant to the performance of governmental functions and, such actions were objectively reasonable and did not violate any clearly established legal right of Plaintiffs. Such objective reasonable conduct is pled as a complete defense to the Amended Complaint. Such defense is pled as a complete defense to the Amended Complaint and all relief sought through it.

## TWENTY-SEVENTH DEFENSE

1. The Town incorporates all prior defenses as if fully set forth.

2. The Town pleads that all of its conduct and the conduct of its officials and employees at all relevant times was objectively reasonable, in good faith, and intended to be consistent with any legal right of Plaintiff. Such defense is pled as a complete defense to Plaintiff's Complaint and all relief sought through it.

## TWENTY-EIGHTH DEFENSE

1. The Town incorporates all prior defenses as if fully set forth.

2.      As a defense, the Town pleads that Plaintiffs' case should be dismissed as it fails to state a claim upon which relief can be granted and that the court lacks jurisdiction over the subject matter and over the Town.

## TWENTY-NINTH DEFENSE

1.      The Town incorporates all prior defenses as if fully set forth.

2.      The Town hereby adopts and incorporates each and every applicable affirmative defense raised by any co-Defendant, adopts and incorporates by reference any defense that arises from the matters and things referenced in the Amended Complaint and the responses filed thereto, and reserves the right to assert additional defenses as may be discovered before the final disposition of this action.

## JURY TRIAL

The Town demands a trial by jury on issues triable by a jury

WHEREFORE, having fully Answered the First Amended Class Action Complaint, the Town of Holly Ridge, North Carolina, a municipal corporation, respectfully prays the Court for the following relief:

1. That the Plaintiffs' claims against the Town be dismissed;

2. That the Plaintiffs' have and recover nothing of the Town;

3. That the cost of this action, including reasonable attorneys' fees, be taxed against the Plaintiffs or some other party; and

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 29th day of September, 2025.

**POYNER SPRUILL LLP**

By: /s/ J. Nicholas Ellis
J. Nicholas Ellis
N.C. State Bar No. 13484
jnellis@poynerspruill.com
Sydney P. Davis
N.C. State Bar No. 58038
sdavis@poynerspruill.com
P.O. Box 353
Rocky Mount, NC 27802-0353
Telephone: 252.446.2341
Facsimile: 919.783.1075
*Attorneys for The Town of Holly Ridge*


**CROSSLEY MCINTOSH COLLIER HANLEY & EDES, PLLC**

Clay Allen Collier
clayc@cmclawfirm.com
Norwood P. Blanchard, III
norwood@cmclawfirm.com
5002 Randall Parkway
Wilmington, NC 28403
Telephone:910-762-9711
Fax: 910-256-0310
*Attorneys for The Town of Holly Ridge*

34

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

Respectfully submitted, this 29th day of September, 2025.

**POYNER SPRUILL LLP**

By: /s/ J. Nicholas Ellis_____
J. Nicholas Ellis
N.C. State Bar No. 13484
jnellis@poynerspruill.com
Sydney P. Davis
N.C. State Bar No. 58038
sdavis@poynerspruill.com
P.O. Box 353
Rocky Mount, NC  27802-0353
Telephone: 252.446.2341
Facsimile:  919.783.1075
*Attorneys for The Town of Holly Ridge*

**CROSSLEY MCINTOSH COLLIER HANLEY & EDES, PLLC**

Clay Allen Collier
clayc@cmclawfirm.com
Norwood P. Blanchard, III
norwood@cmclawfirm.com
5002 Randall Parkway
Wilmington, NC 28403
Telephone:910-762-9711
Fax: 910-256-0310
*Attorneys for The Town of Holly Ridge*